IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ILENE GOLDSTEIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:15-CV-488-TAV-HBG |
| | ) | |
| PAS-COY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the undersigned, pursuant to referral from the District Judge [Doc. 6], to address the Motion to Stay and Compel Arbitration [Doc. 5] filed by Defendant, PAS-COY, LLC ("PAS-COY"). The Plaintiff has not filed a Response in Opposition to the Motion, despite the passage of more than ample time to do so.[1]

PAS-COY submits that it entered into a subcontract (the "Subcontract") with Wachs ORO, LLC, as part of The Wachs Companies ("Wachs") for the provision of certain work on a construction project at the Y-12 National Security Complex in Oak Ridge, Tennessee ("the Project"). Article 32 of the Subcontract states that arbitration is required as part of the dispute resolution process:

> **DISPUTE RESOLUTION/ARBITRATION** All disputes arising under this Subcontract shall be determined in accordance with the dispute resolution mechanism set forth in the Contract Documents, including without limitation, any requirements for joinder and consolidation of claims. Unless the parties mutually agree otherwise, in the absence of any such dispute resolution mechanism provided in the Contract Documents, **all claims, disputes, and other matters in question between the Contractor and the Subcontractor shall be decided by arbitration and in**

---

[1] The Motion [Doc. 5] was filed on November 23, 2015.

> **accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then in effect**, but shall be administered by one or more arbitrators selected by mutual agreement of the parties.

Plaintiff has sued PAS-COY and alleged claims for breach of the Subcontract, quantum meruit and unjust enrichment. The Court finds that these claims are within the scope of Article 32.

The Court further finds that Wachs agreed to arbitrate any dispute arising out the Subcontract when it executed a Submission Agreement which provides:

> WHEREAS the Subcontract Agreement between Wachs/ORO and PAS-COY ("Subcontract") provides that "all claims, disputes, and other matters. . . shall be decided by arbitration and in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then in effect," but further states that said arbitration "shall not be conducted by the American Arbitration Association."
>
> WHEREAS the Subcontract does not designate any other forum or authority to conduct binding arbitration, and the parties desire to mutually agree upon a binding arbitration forum and authority for deciding of all disputes between them relating to this matter.
>
> WHEREFORE THE PARTIES HEREBY AGREE to submit any and all claims and disputes between them arising out of or relating to the Project and binding arbitration before a three-member panel of neutral arbitrators with experience in the construction industry ("Arbitration Panel"), to be conducted in Oak Ridge, Tennessee, unless the parties agree otherwise, and in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association in effect as of the date of this Agreement ("Rules");

The Court further finds that the Subcontract is subject to the Federal Arbitration Act, Title 9 of the United States Code, which provides, in part, as follows:

> If any suit or proceeding be brought in any of the court of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such

2

> suite or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

The movant correctly argues that courts in this district have applied the Federal Arbitration Act to stay judicial proceedings and compel arbitration under circumstances similar to those present in this case. *See, e.g., In re Great Spa Mfg. Co., Inc.*, No. 08-52293, 2009 WL 1457740, at *1 (Bankr. E.D. Tenn. May 22, 2009) (granting motion to stay bankruptcy proceedings pending the outcome of arbitration); *Blackburn v. Capital Transaction Grp., Inc.*, No. 2:13-CV-98, 2014 WL 923316, at *1 (E.D. Tenn. Mar. 10, 2014) (upholding bankruptcy courts' ruling to compel arbitration). *See also In re Nu-Kote holding, Inc.*, 257 B.R. 855 (Bankr. M.D. Tenn. 2001) (arbitration provision was enforceable because none of claims or defenses were created by the Bankruptcy Code and because the chapter 11 debtor failed to carry its burden to demonstrate substantial bankruptcy interest that would overcome enforcement of prepetition arbitration agreement): *Carney v. JNJ Exp., Inc.*, 10 F. Supp. 3d 848, 854 (W.D. Tenn. 2014) (granting motion to stay and compel arbitration); *L&R Farm P'ship v. Cargill Inc.,* 963 F. Supp. 2d 798, 809 (W.D. Tenn. 2013) (granting motion to stay and compel arbitration).

3

Accordingly, the undersigned finds that the Motion to Stay and Compel Arbitration [Doc. 5] is well taken and unopposed, and **RECOMMENDS** that it be **GRANTED**.[2]

Respectfully submitted,

*Bruce Guyton*
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).